## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HOLZMAN HORNER,** | ) | |
| **CHARTERED** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 24-3483 (RJL)** |
| | ) | |
| **A. JOSEPH VALDEZ,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM OPINION

(September 30, 2025) [Dkt. #18]

Holzman Horner, Chartered ("Holzman Horner"), a law firm, is seeking to enforce an arbitration award it won against Aspen Electronics Manufacturing, Inc. ("Aspen") and Aspen's pension plan, the Aspen Electronics Manufacturing, Inc. Employee Stock Ownership Plan ("Aspen ESOP"). For the reasons below, I will **GRANT** Holzman Horner's motion to confirm the award and **DENY** Aspen ESOP's motion to vacate.

## I. BACKGROUND

In 2021, Aspen was considering a potential sale of the company. To assist with the transaction, Aspen hired Holzman Horner, a law firm specializing in employee stock ownership plans ("ESOPs"). An ESOP is a type of pension plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). Aspen created its ESOP in 2018 and, in so doing, identified three named fiduciaries: "the Trustee, the Committee, and the Plan Administrator." *See* Cross-Mot. to Vacate, Ex. 6 [Dkt. #12-

1

8] ("Plan Document"), §10.1–2. At the time, the Trustee of the Aspen ESOP was A. Joseph

Valdez, and the Plan Administrator was Giao Le, also the president of Aspen. Holzman

Horner Br. [Dkt. #14], at 3–4; Aspen ESOP Opp'n [Dkt. #12], at 3.

The agreement with Holzman Horner was signed by Valdez "in his capacity as

trustee . . . of the employee stock ownership plan and trust . . . sponsored by" Aspen.

Holzman Horner Br., Ex. 3 [Dkt. #14-4] ("Engagement Letter"), at 1. Aspen and the Aspen

ESOP were named third-party payors and made jointly and severally liable for the payment

of Holzman Horner's legal fees. *Id.* at 5, §10(b). The engagement letter also included an

arbitration clause and an incorporated arbitration agreement. The agreement stated that

Valdez "accept[ed] the agreement to arbitrate on behalf of [himself], and, to the maximum

extent permitted by law, on behalf of (i) the ESOP, (ii) its current and future participants

and their beneficiaries and (iii) its current and future fiduciaries." *Id.* at 14, §6(b).

In December 2021, Holzman Horner filed an arbitration demand over Aspen's

alleged refusal to pay legal fees, naming as respondents Aspen and Valdez, as Trustee of

the Aspen ESOP. *See* Notice of Removal, Ex. A [Dkt. #1-3] ("Sept. 2024 Order"), at 54.

The Honorable Allyson K. Duncan, a retired judge of the U.S. Court of Appeals for the

Fourth Circuit, served as arbitrator. The resulting arbitration lasted nearly three years and

involved a malpractice counterclaim against Holzman Horner. After two years of

litigation, Judge Duncan dismissed the counterclaim with prejudice. On September 24,

2024, Judge Duncan issued a final award granting Holzman Horner the full monetary relief

it requested—over $900,000. *Id.* at 60.

After receiving the award, Holzman Horner filed a motion with Judge Duncan to

correct typographical errors, which included a proposed order reflecting these changes. In addition to the requested corrections, the proposed order clarified the parties against whom the final award was entered: "Aspen Electronics Manufacturing Inc., A. Joseph Valdez as Trustee, and the Aspen Electronics Manufacturing Inc. Employee Stock Ownership Plan." Holzman Horner Br., Ex. 6 [Dkt. #14-7], at 5. Neither Aspen nor Valdez objected to Holzman Horner's motion to correct. Judge Duncan granted the motion four days later. *See* Holzman Horner Br., Ex. 7 [Dkt. #14-8] ("Corrected Final Award"), at 1–2.

Days after the entry of the final award, Aspen filed for bankruptcy, which triggered an automatic stay of proceedings against Aspen. Aspen ESOP Opp'n at 4.[1] Around the same time, Valdez resigned as Trustee of the Aspen ESOP and was replaced by Le. Holzman Horner Br. at 8; Aspen ESOP Opp'n at 2.

On November 5, 2024, Holzman Horner filed a motion to confirm the arbitration award in D.C. Superior Court. Aspen ESOP removed the case to federal court on December 13, 2024. *See* Notice of Removal [Dkt. #1]. On January 3, 2025, this Court entered a briefing schedule. On January 16, Aspen ESOP filed its opposition to Holzman Horner's motion to confirm the arbitration award and a cross-motion to vacate the arbitration award. Aspen ESOP Opp'n. On March 3, Holzman Horner filed its opposition and brief in support of its motion to confirm. *See* Holzman Horner Br. Aspen ESOP filed its reply on March 14. *See* Reply [Dkt. #15]. On August 28, Holzman Horner filed a notice of pertinent new filing. *See* Notice [Dkt. #17]. The motions are now ripe for review.

---

[1] Holzman Horner is not seeking to confirm the arbitration award against Aspen, only against Aspen ESOP. *See* Notice of Removal, Ex. A [Dkt. #1-3] ("Mot. to Confirm"), at 2 n.1.

## II.    LEGAL STANDARD

### A.    Choice of Law

Holzman Horner moves to confirm the arbitration award under the D.C. Revised Uniform Arbitration Act ("DCRAA"), *see* Notice of Removal, Ex. A [Dkt. #1-3] ("Mot. to Confirm"), at 2, and Aspen ESOP moves to vacate the award under the DCRAA, *see* Aspen ESOP Opp'n at 6.    However, the engagement letter with Holzman Horner includes a choice-of-law provision stating that any disputes shall be governed by the Federal Arbitration Act. *See* Engagement Letter, at 16, §(6)(h)(i).    Since "there is nothing in the [DCRAA] that conflicts with the policy behind the FAA," *Foulger-Pratt Residential Contracting, LLC v. Madrigal Condominiums, LLC*, 779 F. Supp. 2d 100, 110 (D.D.C. 2011)—and since the choice of law makes "no substantive difference" in my analysis, *Cruz v. Am. Airlines, Inc.*, 356 F.3d 320, 332 (D.C. Cir. 2004)—I will apply the DCRAA. *See Oehme, van Sweden & Assocs., Inc. v. Maypaul Trading & Servs. Ltd.*, 902 F. Supp. 2d 87, 95 n.6 (D.D.C. 2012).

### B.    Standard of Review

"Judicial review of arbitration awards is 'extremely limited.'" *Oehme*, 902 F. Supp. 2d at 95 (citation omitted); *Lopata v. Coyne*, 735 A.2d 931, 940 (D.C. 1999) ("Judicial review of an arbitrator's decision is extremely limited, and a party seeking to set it aside has a heavy burden."). "Courts generally 'will not set aside an arbitration award for errors of either law or fact made by the arbitrator.'" *Oehme*, 902 F. Supp. 2d at 95 (citation omitted). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious

4

error does not suffice to overturn his decision." *U.S. Postal Serv. v. Am. Postal Workers Union*, 553 F.3d 686, 693 (D.C. Cir. 2009) (citation omitted).

The DCRAA permits a court to vacate an arbitration award "only on one of six grounds set by statute or on 'other reasonable ground.'" *Oehme*, 902 F. Supp. 2d at 95 (quoting D.C. Code § 16-4423(a)–(b)). But even the "other reasonable ground" provision "does not authorize *de novo* review of an arbitrator's award." *A1 Team USA Holdings, LLC v. Bingham McCutchen LLP*, 998 A.2d 320, 322 (D.C. 2010).

In interpreting the terms of an ERISA plan, courts "appl[y] ordinary principles of contractual interpretation." *Foster v. Sedgwick Claims Mgmt. Servs., Inc.*, 842 F.3d 721, 734 (D.C. Cir. 2016).

## III.  ANALYSIS

Aspen ESOP asks this Court to vacate the arbitration award on two grounds: (1) there "was no agreement to arbitrate" and (2) the "arbitrator exceeded [her] powers." D.C. Code §16-4423(a)(4)–(5); *see also* 9 U.S.C. §10(a)(4) (authorizing court to set aside an arbitral award under the FAA "where the arbitrator[] exceeded [her] powers"). At bottom, Aspen ESOP argues it was not a party to the arbitration and, indeed, never agreed to arbitrate. Aspen ESOP Opp'n at 6. Holzman Horner responds that Aspen ESOP properly agreed to arbitrate through Valdez, Aspen ESOP's trustee, and that Aspen ESOP was a party to the arbitration at every turn.

### A.    Whether Aspen ESOP Agreed to Arbitrate.

I begin with the question whether Aspen ESOP agreed to arbitrate with Holzman Horner. Though the arbitration agreement explicitly includes the ESOP as a party, Aspen

5

ESOP says that the agreement was signed only by Valdez *on behalf of the ESOP*, and that Valdez had no authority to bind the Aspen ESOP since he was not the Plan Administrator. Aspen ESOP Opp'n at 9. Unfortunately for Aspen ESOP, its interpretation of the arbitration agreement cannot be squared with the Plan documents or ERISA.

The Aspen ESOP Plan and Trust documents both grant the Trustee broad authority to administer the ESOP. The Plan Document identifies the Trustee as a "named fiduciary" of the ESOP. Plan Document §10.1. As relevant here, the Trustee has "discretionary authority or discretionary responsibility in the administration of the Plan" and responsibility to "manage or control Plan assets." *Id.* §§10.1–3. Likewise, under the Trust Document, the Trustee has authority to "compromise, contest, arbitrate, settle or abandon claims and demands by or against the Trust and Trust Fund" and to "begin, maintain or defend any litigation necessary in connection with the investment, reinvestment and administration of the Trust." Cross-Mot. to Vacate, Ex. 7 [Dkt. #12-9] ("Trust Document"), §2.04(h)-(i).

Add in the statutory authority granted to named fiduciaries by ERISA, and it becomes apparent that Valdez was authorized to enter binding contracts on behalf of the ESOP. Under the text of ERISA, each "named fiduciary" of an employee benefit plan "jointly and severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1)–(2). Courts also look to the "common law of trusts to define the general scope of . . . authority and responsibility" for "trustees and other fiduciaries," since ERISA does not "explicitly enumerate all of [their] powers and duties." *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S.

6

559, 570 (1985).  And at common law, trustees have both the express authority granted in the trust document and implied authority to act in the best interest of the trust, including to "settle a claim or to arbitrate" on its behalf.  G. Bogert, *The Law of Trusts and Trustees* § 551 (2013).  Accordingly, under the Plan documents, ERISA, and common law, Valdez retained authority to "control and manage the operation and administration of" the Aspen ESOP, including by entering an arbitration agreement on its behalf.  29 U.S.C. §1102(a)(1).

Aspen ESOP offers several responses, but none are persuasive.  *First*, Aspen ESOP argues that only the Plan Administrator has authority to enter contracts on behalf of the Aspen ESOP.  That argument, however, finds no support in the Plan documents or in ERISA itself.  The Plan Administrator's enumerated duties relate largely to "reporting and disclosure requirements" under law.  Plan Document §11.3.  Nowhere is the authority to enter contracts specifically listed under the Plan Administrator's responsibilities, and nowhere is that authority *removed* from the responsibilities of the Trustee.  The better reading is to afford the Trustee the ordinary powers he retains as a "named fiduciary" under ERISA.  29 U.S.C. § 1102(a)(1)–(2).  *Cf. Matter of Seigfreid Bingham, P.C.*, 186 A.D.3d 1018, 1020 (N.Y. 2020) (rejecting argument that "trustee lacked authority to execute the agreement on the Plan's behalf" as "without merit under well established principles of federal employee benefits law").[2]

---

[2] Le's declaration stating that the Aspen ESOP has never "authorized the Trustee to act on behalf of Aspen ESOP" does not move the needle. Le Declaration, Ex. A [Dkt. #11-2], at ¶ 3. "[U]nder ERISA, the plain terms of the plan control," *Perry v. Int'l Bhd. of Teamsters*, 118 F. Supp. 3d 1, 7 (D.D.C. 2015), and "post hoc explanations" like Le's are generally "without merit," *Smith v. Cont'l Cas. Co.*, 616 F. Supp. 2d 1286, 1303 (N.D. Ga. 2007).

*Second*, Aspen ESOP contends that Valdez only had authority to bind the *Trust*, not the ESOP, and the Trust and the ESOP are "legally distinct entities." Reply at 8–12. This argument proves too little. Regardless of the legal distinction between the ESOP and the Trust, the arbitration agreement itself states clearly that *the ESOP*, through Valdez, agreed to arbitrate. Engagement Letter at 14, §6(b). By contrast, the Trust itself is mentioned nowhere in the arbitration documents—not as a third-party payor of Holzman Horner's legal bills or as a party to the arbitration agreement.

*Third*, Aspen ESOP correctly points out it was not a client of Holzman Horner. *See* Aspen ESOP Opp'n at 9; Engagement Letter at 1. But that is beside the point. While not a client, *the ESOP is explicitly listed as a third-party payor*. Engagement Letter at 5, §10(b) ("the Company *and the ESOP* . . . are third-party payors of our security retainers, fees, advances, expenses and finance charges" (emphasis added)). And this is a dispute over legal fees that allegedly went unpaid, not legal services rendered to a client.

Ultimately, the Plan documents and ERISA confirm that Valdez, as a trustee and named fiduciary of the Aspen ESOP, could agree to arbitrate on its behalf. Accordingly, the arbitrator was "arguably construing or applying the contract," *U.S. Postal Serv.*, 553 F.3d at 693, and the resulting arbitration award will not be disturbed.

## B.    Whether the Arbitrator Exceeded Her Powers.

Aspen ESOP also argues that the arbitrator exceeded her powers by deciding an issue not before her—namely, by ordering an award against an entity that never agreed to arbitrate, never was named a respondent in the arbitration, and never participated in the arbitration. Aspen ESOP Opp'n at 6. On my "extremely limited" review of the arbitrator's

8

decision, *Oehme*, 902 F. Supp. 2d at 95, I cannot agree.

As already established, Aspen ESOP was a party to the arbitration agreement. *See supra* §III.A. And throughout the arbitration itself, Aspen ESOP was identified as a party through its representative Valdez and was properly named in the arbitrator's final award. For example, Judge Duncan's June 2022 order lists two respondents: "Aspen Electronics Manufacturing, Inc., and A. Joseph Valdez, Trustee of the Aspen Electronics Manufacturing, Inc. Employee Stock Ownership Plan." June 2022 Order [Dkt. #14-6], at 1. Judge Duncan's September 2024 order also lists two respondents: "Giao Le, Aspen Electronics, Inc.; and A. Joseph Valdez, Trustee of Aspen Electronics, Inc. ESOP." Sept. 2024 Order at 54.

If there was any question as to whether the inclusion of Valdez as Trustee also included the Aspen ESOP, Judge Duncan clarified things in her final orders. Her September 2024 Order confirms that the arbitration agreement applies to the "payors" listed in the engagement letter, "a collective term that specifically encompasses 'the Company and the ESOP.'" *Id.* at 60. And the corrected final arbitration award confirms what Judge Duncan already concluded: that "Aspen Electronics Manufacturing Inc., A Joseph Valdez as Trustee, and the Aspen Electronics Manufacturing Inc. Employee Stock Ownership Plan are jointly and severally liable to" Holzman Horner. Corrected Final Award at 61.

Having been clearly identified in order after order, Aspen ESOP never objected to its inclusion in the arbitration process. Valdez, as trustee, never clarified things, and neither did Aspen. Indeed, Le, the president of Aspen, was also Plan Administrator of the Aspen

ESOP.  Who better to object to Aspen ESOP's inclusion—or at least ask for some clarification?  "[A] party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act *after* receiving an unfavorable result." *Hawkins v. Hooters of Am., Inc.*, 2011 WL 2648602, at *1 (D.D.C. July 6, 2011) (internal citation omitted).

Aspen ESOP insists that Holzman Horner "smuggled" Aspen ESOP into its draft amended final order and "affirmatively misrepresented" what that proposed order did. Aspen ESOP Opp'n at 6; Reply at 15.  But the record does not indicate any slight-of-hand, especially granting due deference to Judge Duncan, as is required on review of an arbitration award. *See Oehme*, 902 F. Supp. 2d at 95.  The corrected final order is best read as a clarification of Judge Duncan's prior order, which identifies the Aspen ESOP as a "payor" liable to Holzman Horner. Sept. 2024 Order at 54, 60.

## IV.   CONCLUSION

For the reasons stated above, Holzman Horner's motion to confirm the arbitration award is **GRANTED** and Aspen ESOP's motion to vacate the arbitration award is **DENIED**.  An Order consistent with the above accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge